# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ROBERT LUGO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>R. FISHER, Warden,<br><br>　　　　Respondent. | Case No.: 1:19-cv-00029-JLT (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO SUMMARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

On December 24, 2018, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Southern District of California. The matter was transferred to the Fresno Division because venue is proper in this Court. Nevertheless, Petitioner challenges a parole suitability determination and the Court is without jurisdiction to review the substantive due process of a parole suitability determination. Therefore, the Court will recommend the petition be DISMISSED.

I. <u>Preliminary Screening of the Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

1

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). The Court will review the instant petition pursuant to its authority under Rule 4.

II. Failure to State a Claim Cognizable Under Federal Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed on December 24, 2018, and thus, it is subject to the provisions of the AEDPA.

Petitioner alleges that he is an inmate of Valley State Prison in the custody of the California Department of Corrections and Rehabilitation serving a sentence of fifty-one years-to-life imposed in the San Diego County Superior Court following his 1990 conviction for two counts of first degree murder with use of a firearm. (Doc. 1 at 1-2). Petitioner does not challenge either his conviction or sentence; rather, he challenges the March 28, 2017 decision of the California Board of Prison Terms finding him unsuitable for parole. He claims the Board failed to give due consideration for his youth at the time of the crime pursuant to guidelines set forth in California Senate Bill 261. He asserts that the Board failed to follow the legislative intent to "give great weight to the diminished capacity of juveniles" as mandated by Bill 261. (Doc. 1 at 17.)

Petitioner's claims are foreclosed by the Supreme Court's decision in Swarthout v. Cooke, 562 U.S. 216 (2011). In Swarthout, the Supreme Court held that the federal habeas court's inquiry into whether a prisoner who has been denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id., (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)). Petitioner does not contend he was denied these procedural due process guarantees. According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 562 U.S. at 220. "'The

Constitution,' [the Supreme Court] held, 'does not require more.'" Id., (quoting Greenholtz, 442 U.S. at 16). In addition, any challenge to the state court's application of state law does not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question"). Therefore, Petitioner's challenges to the Board's denial of parole fail to present cognizable federal claims for relief and the petition should be dismissed.

**ORDER**

Accordingly, the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the instant petition for writ of habeas corpus be SUMMARILY DISMISSED for failure to state a claim upon which federal habeas relief can be granted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 10, 2019**    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

3